UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALISA CAREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22-cv-00332-JDL |
| | ) |
| CAPTAIN SLANEY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 2; Application, ECF No. 1; Order, ECF No. 7.)  In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## DISCUSSION

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance

of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff, who asserts she is at the Riverview Psychiatric Hospital, alleges that a state court clerk and an individual who transported Plaintiff to court deprived Plaintiff of her court hearing. (Complaint, Section III.) Plaintiff also alleges that two mental health workers identified as "Bill" and "Mark" allowed a sergeant into her "cell" and the sergeant assaulted her. (*Id.*)

On a claim against an individual, a plaintiff must allege facts that would support a finding that the individual, through his or her individual actions, violated Plaintiff's

2

constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). The pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Plaintiff has not alleged any facts regarding the nature of the state court proceeding or the conduct of the defendants that resulted in Plaintiff being "denied court." (Complaint, Section III.) Plaintiff, therefore, has not alleged an actionable claim against the individuals involved in state court proceeding.

Plaintiff's allegation against "Bill" and "Mark" also does not support an actionable claim. Plaintiff alleges she was assaulted by a "sergeant" whom "Bill" and "Mark" let into her cell. Plaintiff, however, has not described (a) the relationship between the defendants and the "sergeant," (b) the location of the cell, (c) the circumstances under which the "sergeant" entered the cell, or (d) whether the defendants knew or had reason to know that the "sergeant" would assault her. While there are circumstances in which an individual can be legally responsible for harm caused by another, Plaintiff's complaint lacks the facts necessary to support such a claim against the individuals named as defendants in this case.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, unless within the fourteen-day objection period Plaintiff amends her complaint to address the deficiencies identified herein, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of November, 2022.